FILED
2011 Dec-16 PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **FAST AND EASY FOOD STORES, INC.,** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 7:11-cv-1929-PWG |
| **GREENE BEVERAGE COMPANY, INC.,** | § § § | |
| Defendant. | § § | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Fast and Easy Food Stores, Inc., and hereby files its Amended Complaint against Greene Beverage Company, Inc. In support thereof, Fast and Easy Food Stores, Inc. pleads as follows:

### JURISDICTION AND VENUE

1. This complaint is filed and these proceedings are instituted under the provisions of 15 U.S.C.A § 13, commonly known as § 2 of the Clayton Act, as amended by the Robinson-Patman Act.

2. Jurisdiction is conferred on this Court pursuant to 15 U.S.C. § 15 and 28 U.S.C. § 1331.

1

3. The Plaintiff, Fast and Easy Food Stores, Inc. ("Fast and Easy"), is an Alabama corporation with its principal place of business in Tuscaloosa County, Alabama.

4. The Defendant, Greene Beverage Company, Inc. ("Greene Beverage"), is an Alabama corporation with its principal place of business in Tuscaloosa County, Alabama.

5. All of the events described herein occurred in this district.

## FACTUAL ALLEGATIONS

6. Fast and Easy operates a number of convenience stores in and around Tuscaloosa County, Alabama.

7. In the operation and general business of its convenience stores, Fast and Easy is engaged in the retail sale of alcoholic beverages.

8. Greene Beverage is a wholesale beer distributor, and the exclusive wholesale distributor of Budweiser beer (the "Beer") in Tuscaloosa and surrounding counties.

9. Greene Beverage purchases the Beer from out of state manufacturers, and then resells the Beer, without any transformation of the same, in a continuing flow of interstate commerce.

10. The demand for Beer by Greene Beverage's specific customers is constant and predictable.

11. Greene Beverage has an understanding with its customers to keep the Beer stocked to a certain amount based on the anticipated needs of its customers.

12. More particularly, Fast and Easy alleges, upon information and belief, that Greene Beverage sends a representative to the stores of its customers to inspect their Beer stock. Following this inspection, Greene Beverage then orders the appropriate Beer amount to meet the anticipated needs of each customer. Once Greene Beverage receives the Beer order from its representative, it subsequently distributes it, without transformation, to its specific customers based on their anticipated needs.

13. As such, Greene Beverage can, because of its understanding with its specific customers, accurately estimate the demands of its specific customers and purchase the Beer on that basis, rather than upon prior orders or contracts.

14. More so, Greene Beverage knows what amount of Beer to order from its distributor, whether for immediate delivery or not, because it knows what amount its specific customers need.

15. Based on the above-articulated circumstances, the Beer remains in the flow of interstate commerce so as to be considered "in commerce" for purposes of the Robinson-Patman Act because:

(1) The Beer is purchased by Greene Beverage upon the order of its customers, including Fast and Easy, with the definite intention that the goods are to go at once to the customer;

(2) The Beer is purchased by Greene Beverage from its supplier to meet the needs of it specified customers, including Fast and Easy, pursuant to its understanding with the customers, whether or not for immediate delivery; and/or

(3) The Beer is purchased by Greene Beverage based on the anticipated needs of its specific customers, including Fast and Easy.

16. Beginning at least as early as June 1, 2009, the exact date being unknown to Fast and Easy, and continuing to the present date, Greene Beverage has discriminated in price between different purchasers of the Beer.

17. Particularly, Greene Beverage has charged Fast and Easy a significantly higher price for the Beer than what Greene Beverage has charged other similar businesses which are in proximity to and compete with Fast and Easy for the same retail customer. This is true despite the Beer being of identical grade and quality.

18. The effect of this price discrimination has substantially lessened and prevented Fast and Easy's ability to compete with those similar businesses receiving substantially discounted Beer prices from Greene Beverage.

19.     By reason of the price discrimination employed by Greene Beverage, Greene Beverage has proximately caused injury to Fast and Easy.

## COUNT ONE

20.     Fast and Easy realleges paragraphs 1 - 13 as if fully set forth herein.

21.     Greene Beverage has violated 15 U.S.C. § 13 by discriminating in the prices it charges different purchasers for Beer of like grade and quality.

22.     The price discrimination employed by Greene Beverage has substantially lessened Fast and Easy's ability to compete with other like businesses.

23.     As a result, Fast and Easy has been injured.

WHEREFORE, the premises considered, Fast and Easy requests compensatory damages; treble damages; costs of suit, including a reasonable attorneys' fee, and for such other and further relief to which it may be entitled.

/s/ Bryan S. Brinyark
**Bryan S. Brinyark** (ASB-3684-A63B)
**Chad L. Hobbs** (ASB-1013-D64H)
**Katie B. Thompson** (ASB-4833-T80T)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN HARWOOD, P.A.
2200 Jack Warner Parkway, Suite 200
Post Office Box 2727 (35403)
Tuscaloosa, Alabama  35401

Telephone:  (205) 344-5000
Facsimile:   (205) 758-8358
bbrinyark@rosenharwood.com
chobbs@rosenharwood.com
kthompson@rosenharwood.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2011 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Wilson F. Green
Fleenor Green & McKinney LLP
204 Marina Drive, Suite 200
Tuscaloosa, AL  35406

/s/ Bryan S. Brinyark
**Bryan S. Brinyark** (ASB-3684-A63B)